IRVING, J., for the Court.
¶ 1. Joseph K. Volmer appeals a judgment of the Chancery Court of DeSoto County which sanctioned him for filing a frivolous motion. In this appeal Volmer alleges that the chancellor violated and ignored Rules 12(a) and 41(a) of the Mississippi Rules of Civil Procedure.
¶ 2. We affirm in part as modified, and reverse and remand in part.
FACTS
¶ 3. In previous litigation involving a contest of the last will and testament of Shirley M. Volmer, the Chancery Court of DeSoto County found that Volmer used undue influence over Shirley in the execution of her will. As a result, the chancellor set the will aside, and Volmer, the proponent of the will, appealed. We affirmed the chancellor’s decision in Estate of Volmer v. Volmer, 832 So.2d 615 (Miss.App.2002) {Volmer I).
¶ 4. While Volmer I was on appeal to this Court, Volmer filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. Eleanor Patterson, Volmer’s sister, responded by filing a motion for sanctions. In her motion, she alleged that Volmer’s motion was untimely, asked that the motion be denied, and requested that Volmer be assessed all costs, including attorney fees and expenses. On the day of the filing of Patterson’s motion for sanctions, Volmer filed a pleading in an attempt to withdraw his previously-filed motion. The pleading contained the following averment: “Please take notice that Joseph Volmer, pursuant [sic] to Rule 50 b of the Mississippi Rules of Civil Procedure hereby withdraws and cancels his Motion for Judgement [sic] Notwithstanding the Verdict, or in the Alternative, for a New Trial filed in DeSoto County Chancery Court under Cause # 99-8-1053.”
¶ 5. On the day after Volmer filed his notice of withdrawal of his motion, Patterson’s attorney filed an attorney’s affidavit and an attorney’s report of fees and expenses. Approximately one month after this filing, the chancellor entered an order granting Rule 11 sanctions against Volmer for attorney fees and court costs in the amount of $1,425.97.
¶ 6. Volmer filed a notice of appeal, seeking a review of the sanctions granted by the chancellor. His notice of appeal is laden with disrespectful language to the Court. We, sua sponte, strike the disrespectful language, and address this matter further during our discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. Volmer first contends that the chancellor ignored Rule 12(a) of the Mississippi Rules of Civil Procedure. Although Vol-mer cites Rule 12(a), he does not explain how the rule is applicable to the case at hand. After a thorough review of the record, we cannot find any applicability of Rule 12(a) to the facts of this case. Therefore, we will not address it.
¶ 8. Volmer next contends that the chancellor ignored Rule 41(a) of the Mississippi Rules of Civil Procedure and claims that, since Patterson’s attorney never filed an answer to his motion for a new trial before Volmer filed with the chancery court a notice of dismissal, his voluntary dismissal was proper.
¶ 9. Rule 41(a) of the Mississippi Rules of Civil Procedure states that “an action may be dismissed by the plaintiff without order of the court: (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first oe- *1078 curs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.” M.R.C.P. 41(a).
¶ 10. The comments to the rules state that the right of a voluntary dismissal is terminated by an answer or motion for summary judgment. Here, at the time of Volmer’s withdrawal of his motion, Patterson had not filed an answer. Although it is perhaps debatable whether Volmer’s motion for a new trial is considered an action within the meaning of Rule 41(a), we, nevertheless, find it significant that Volmer, operating pro se, sought a dismissal of his motion before any responsive pleading was filed by Patterson other than perhaps the filing of her motion for sanctions. We also note that it is not likely that Volmer even had notice of the filing of Patterson’s motion for sanctions before he attempted to withdraw his motion because the certificate of service on Patterson’s motion indicates that it was served on Volmer by mail. As previously observed, Volmer’s notice of withdrawal was filed on the same day as was Patterson’s motion for sanctions.
¶ 11. It may be debatable as to whether, on these facts, sanctions were proper. Nevertheless, we note that Vol-mer’s motion was very untimely, and he, although not a lawyer, was chargeable with knowledge that the trial court did not have jurisdiction over the case when he filed the motion because jurisdiction had been lost when he filed the notice of appeal in Volmer I. Consequently, we affirm the decision of the chancellor ordering sanctions. However, we find that the chancellor abused his discretion in ordering sanctions in the amount of $1,425.97. On these facts, we find that amount to be excessive; therefore, we reduce the amount to $250.
¶ 12. In the separate opinion by our colleague, the argument is made that we err in reducing the amount of the sanctions because “the chancellor’s reasoning was sound and his conclusion just.” Also, the separate opinion correctly notes that an affidavit and itemization of expenses were presented in support of the motion for sanctions. Nevertheless, it is not seriously debatable that the frivolousness of Volmer’s motion is readily apparent on the face of the motion; therefore, any justification of a legal bill in the amount of $1,425.97 in defense of the motion is hardly defensible. In this regard, we note that Patterson’s attorney claimed $870 in pro rata travel expenses for hearings on the motion and $195 for office conferences with Patterson.
¶ 13. We return to the matter of the disrespect shown the Court by Volmer by his use of disrespectful language contained in his notice of appeal. While we choose not to set forth the disrespectful language in this opinion, we strike the foul language and impose sanctions on Volmer in the amount of $250 for use of the disrespectful language.
¶ 14. In summary, we affirm the judgment of the chancery court as modified herein. We also impose an additional sanction on Volmer in the amount of $250 for the disrespectful language used in his notice of appeal and appellate brief. The $250 sanctions imposed here shall be paid to the clerk of this Court within thirty days of the date of this opinion, and the case is remanded to the trial court for execution on the monetary sanction imposed by that court as modified here.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART FOR EXECUTION ON THE JUDGMENT AS MODIFIED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., THOMAS, LEE, AND MYERS, JJ., *1079 CONCUR. GRIFFIS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., BRIDGES AND CHANDLER, JJ.